**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ASHLEY CARTER,

      Plaintiff,

v.                                      Case No. 8:26-cv-522-TPB-LSG

SARASOTA MEMORIAL HOSPITAL,

      Defendant.

_____/

## <u>ORDER DENYING MOTION TO DISMISS</u>

This matter is before the Court on "Defendant's Motion to Dismiss Plaintiff's Complaint," filed by Defendant Sarasota Memorial Hospital on March 19, 2026. (Doc. 10).  Plaintiff Ashley Carter filed a response in opposition on April 6, 2026. (Doc. 17).  The Court heard argument on the motion on April 28, 2026.  (Doc. 23). Based on the motion, response, argument of counsel, the court file, and the record, the Court finds as follows:

### <u>Background</u>

Plaintiff, a Black female, worked as nurse in the cardiovascular operating room at Defendant Sarasota Memorial Hospital, starting in July 2024.  Plaintiff alleges that from the beginning of her employment, she suffered discriminatory treatment based on race and sex, and that ultimately Defendant terminated her on pretextual grounds in retaliation for her filing a formal discrimination complaint with Defendant's management.

Plaintiff's complaint alleges that she exhausted her administrative remedies by filing a charge of discrimination with the EEOC on November 18, 2025, but Plaintiff stated at the hearing on the motion that the charge was actually filed on November 25, 2025.  The EEOC provided notice of the charge to Defendant on December 1, 2025.  Plaintiff alleges the EEOC issued a right to sue letter to her on December 2, 2025.  Plaintiff filed this lawsuit on February 25, 2026, alleging claims under Title VII for race and sex discrimination and retaliation.

Defendant moves to dismiss the action, arguing that Plaintiff failed to exhaust her administrative remedies because the EEOC issued the right to sue letter prematurely, and the right to sue letter is therefore invalid.

## Analysis

To exhaust administrative remedies, a Title VII plaintiff must do two things: (1) timely file a charge of discrimination with the EEOC, and (2) obtain a right to sue letter.  *See Forehand v. Fla. State Hosp. at Chattahoochee,* 89 F.3d 1562, 1567 (11th Cir. 1996).  Defendant does not contend Plaintiff failed to meet either of these conditions.  Instead, Defendant argues that the right to sue letter is invalid and should not count because the EEOC issued it prematurely.  Specifically, Defendant argues that under Title VII, 42 U.S.C. § 2000e-5(f)(1), the EEOC may *only* issue a right to sue letter upon either (1) dismissing the charge or (2) after 180 days have passed with the EEOC having failed to either obtain a conciliation agreement or file an action against the defendant itself.  Accordingly, Defendant argues, Plaintiff's

right to sue letter is "invalid," and this action must be dismissed for failure to exhaust administrative remedies.

But *Forehand'*s statement of the exhaustion requirement imposes no additional requirement relating to the timing or "validity" of a right to sue letter, and Defendant cites no Eleventh Circuit authority doing so.  To the contrary, in *Sims v. Trus Joist MacMillan*, 22 F.3d 1059 (11th Cir. 1994), which controls here, the Eleventh Circuit rejected the proposition that a plaintiff who has timely filed a charge and obtained a right to sue letter can be denied access to court because of something the EEOC did.  *See id.* at 1063 ("Title VII 'does not condition an individual's right to sue on the EEOC's performance of its administrative duties.'") (quoting *Jefferson v. Peerless Pumps Hydrodynamic, Div. of FMC Corp.*, 456 F.2d 1359, 1361 (9th Cir. 1972)).

Defendant argues that *Sims* is factually distinguishable, which is true to an extent, but that does not avoid the Eleventh Circuit's clear statement of the law quoted above.  Defendant also argues that *Sims* need not be followed because it relied on deference to an EEOC regulation, an approach discarded by the Supreme Court in *Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024).  The Court rejects this argument.  First, *Loper Bright* itself made clear that it did not invalidate the holdings of prior Circuit decisions that applied *Chevron* deference to reach their conclusions as to the lawfulness of agency actions.  *See id.* at 376 ("[W]e do not call into question prior cases that relied on the *Chevron* framework.  The holdings of those cases that specific agency actions are lawful . . . are still subject to statutory

*stare decisis* despite our change in interpretive methodology."). *Sims*, therefore, remains binding authority in this Circuit.

Second, *Sims* relied on several lines of reasoning to reach its conclusion, only one of which involved deference to an agency regulation. The principle the Court applies here – that the EEOC's failure to perform its duties does not invalidate a plaintiff's exhaustion of administrative remedies – does not involve agency deference at all and does not implicate *Loper Bright*. Defendant's motion to dismiss is therefore denied.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant's Motion to Dismiss Plaintiff's Complaint" (Doc. 10) is hereby **DENIED**.

2. Defendant Sarasota Memorial Hospital is directed to file an answer to the complaint on or before May 21, 2026.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 7th day of May, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE